## Case No. 18,097.

### WRIGHT v. UNITED STATES.

[1 Hayw. & H. 201.] [1]

Circuit Court, District of Columbia. June 4, 1844.

FALSE-PRETENSES—EVIDENCE OF SIMILAR CRIMES.

It is not error in the court to allow evidence to go to the jury in a trial for obtaining money under false pretenses that the prisoner made false representations to other persons for the purpose of obtaining money; but it is error to allow evidence to go to the jury that the prisoner had obtained money by means of said representations.

At law. In error from the criminal court. [William S. Wright] indicted for obtaining money under false pretenses.

James Hoban, for prisoner.
Philip R. Fendall, for the United States.

## Case No. 18,098.

### WRIGHT v. UNITED STATES.

[1 Hayw. & H. 211.] [1]

Circuit Court, District of Columbia. Jan., 1845.

OBTAINING GOODS UNDER FALSE PRETENSES—INDICTMENT.

In an indictment under the act of congress of March 2, 1831 [4 Stat. 448], for obtaining goods, etc., by false pretenses, it is error to aver "that by reason of which false pretence the prisoner did then and there unlawfully obtain," etc.

James Hoban, for prisoner.
P. R. Fendall, for the United States.

The court on petition of the plaintiff issued two writs of error. The defendant in the criminal court was found guilty of obtaining money under false pretences on two indictments each for separate and distinct acts. One of them that Wm. S. Wright, etc., unlawfully did falsely pretend to one, John P. Van Ness that he the said Wm. S. Wright was a brother of one Silas Wright Jr., a senator of the United States, etc., by reason of which said false pretence the said Wm. S. Wright did then and there unlawfully obtain from the said John P. Van Ness two bank notes each for the payment of money to the amount of ten dollars. The other that Wm. S. Wright, etc., unlawfully did falsely pretend to one Edward Dyer that he was a brother to Silas Wright, a senator of the United States by reason of which false pretence the said Wm. S. Wright did then and there unlawfully obtain from the said Edward Dyer a certain instrument in writing for the payment of money. There were other counts in this latter indictment. The prisoner was found guilty on both indictments.

The error assigned by the defendant was: Because it is apparent on the face of the record in these cases that the prisoner is charged with obtaining money by a false pretence, whereas the act of congress [2] only applies to obtaining money by false pretences, and for other reasons and errors.

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] Section 1: "That from and after the passage of this act, every person who shall be convicted in any court of this District of Columbia of any of the following offenses, to wit: Obtaining by false pretenses any goods or chattels, money, bank note, promissory note, or any other instrument in writing for the payment or delivery of money or other valuable thing, shall be sentenced to suffer punishment by imprisonment and labor."
Sec. 12: "That every person duly convicted of obtaining by false pretenses, any," etc. Approved March 2, 1831 (4 Stat. 448).

---

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

The criminal court (Judge Dunlap presiding) overruled the objection.

The following points were raised in the arguments by the several counsels: (1) Is the offense such as is punishable under the statute? (2) Is the want of venue of the pretence fatal? (3) Is there a venue? (4) Is one pretence only punishable under the statute against false pretences? The latter point was the only one pressed.

Mr. Hoban, for plaintiff, contended that in the first Van Ness case the indictment charges the prisoner with obtaining two bank notes from General Van Ness by the false pretence of representing himself as the brother of Silas Wright, a member of the United States senate. The language of the penitentiary act applies to persons duly convicted of obtaining goods, money, banknotes, etc., by false pretences, here only one false pretence is charged! Penal statutes must be construed strictly, stealing horses does not apply to stealing a horse. 1 Bl. Comm. 88. To meet this a declaratory act was required, and the act of 2 & 3 Edw. VI. c. 33, that took away the benefit of clergy from the case of stealing horses; before that act clergy was allowed in the case of stealing a horse by statute. In Hassel's Case, 1 Leach, 1, stealing a bank note was held to be included under the act punishing the larceny or stealing "any bank-notes" upon the like principle burning a house was held punishable under the act for burning any houses.

The argument of the attorney general in the case in Leach, shows that case to turn upon other portions and the peculiar phraseology of other portions of the same law. These cases are not in point. The question here is not to what a plain law applies but what that law is, whether the obtaining goods, etc., must be by one or more pretence. The English acts of false pretences use this language: "Any pretence or pretences." Our penitentiary act speaks only "of false pretences." Rex v. Goodhall, 11 Ryan, 343 [Russ. & R. 461]: this was a case of obtaining meat upon a promise, at the same time, to send the money, which was not done. The twelve judges held the conviction wrong, saying: "It was merely a promise for future conduct, and common prudence and caution would have prevented any injury arising from the breach of it." In the case of Jones v. U. S. [Case No. 7,499], April 9, 1840 (Cranch, C. J.), the court say that they are to judge whether the averment contains a false pretence within the contemplation of the law. 4 Pick. 177 (per curiam): "A mere naked lie (is this case any mere?) may not be sufficient to sustain an indictment on this statute, for it is not the policy of the government to punish criminally every wrong which is committed. It is difficult, no doubt, to draw the line."

Mr. Fendall in his notes, says: In the notes handed to the court by the prisoner's counsel, he refers to the facts of the case. There would be no difficulty in meeting the arguments suggested, if such a course were admissible, but it is not so. The proceedings in the Van Ness case before the court on a writ of error to the criminal court for its refusal to correct the judgment. Of course no question can come before the appellate court, except such as arises on the face of the indictment. As to the nature of the offence, Mr. Fendall referred to the case of People v. Stone, 9 Wend. 182, under 1 Rev. St. N. Y. pp. 410, 616, and People v. Genung, 11 Wend. 18, under 2 Rev. St. N. Y. pp. 677, 653; the opinion of Cranch, C. J., in the case of Jones v. U. S. [supra], April 9, 1840. As to the simple pretence, Mr. Fendall cited, 1 Bl. Comm. (Christian's notes) 88; Archb. Cr. Prac. & Pl. (8th Ed.) 289; Hassel's Case, 1 Leach, 1-5; and U. S. v. Wiltberger, 5 Wheat. [18 U. S.] 76.

The judgment of the criminal court was reversed.